Lessee of JOHN B. PORTER and wife *vs.* MARY BUCKINGHAM et al.

A deed signed and sealed with the usual formalities, and also duly *acknowledged* (but not recorded) is not evidence, without proof of *delivery*.

This was an action of ejectment. The plaintiff proved title; and the defence set up was a conveyance by Porter and wife to defendant's ancestor. In support of this, the defendants offered in evidence the deed of John B. Porter and wife to James Buckingham, bearing date the 23d December, 1835. It was not recorded, and the attesting witnesses proved that it was signed and sealed by Porter and wife, and acknowledged in due form, before two justices of the peace. At the execution the usual forms were observed, and the parties were asked if they signed, sealed and *delivered* the instrument as their deed, which they assented; but the proof was *positive* that there was *no*

*delivery* of the deed at that time, nor was any such intended. The land was in possession of a tenant, and could not be delivered to Buckingham until the 25th of March; he paid Porter down $494, (being $500 : less the interest,) and was to receive a credit of $500, on the 25th of March, when the title was to be perfected; for which purpose, Porter now entered into an alienation bond, and also made this deed, which was not delivered but placed in the hands of justice M'Caulley " to be kept until both Porter and Buckingham appeared and gave him directions for its delivery.

This deed was now offered in evidence, and objected to.

*Booth.*—Where it is proved that both grantor and grantee were present; where the attestation is " signed, sealed and delivered ;" and more especially, where it appears that the party grantor *acknowledged* it before the proper officers, *to be his deed*, such a deed is sufficiently proved to go in evidence. The weight of the proof before the jury will be a matter for them to consider.

What is a delivery? It may be without even the grantee being present. 2 *Stark. Ev.* 271. No particular form of delivery is necessary. Even the delivery into the hands of a stranger is sufficient. The paper was here delivered into M'Caulley's hands by Porter and wife, as their deed. If it was not to take effect until the 25th March, it was still a good delivery. 2 *Barn & Cress.* 82; (1 *Stark. Ev.* 324.) Deed delivered to a third party to be kept until the happening of a contingency, left to the jury to say if it was not a present delivery. 2 *Mass. Rep.* 447, deed signed, sealed, executed and *acknowledged*, and placed in the hands of a third person to be delivered to the grantee on a certain event, is the present deed of the party. 2 *Com. Law Rep.* 91. Proof that a party signed a deed, is evidence to go before the jury, of a delivery. *Com. Dig. fait. A. tit. delivery.* 1 *Shep. Touchstone* 58-9 ; Co. *Litt. Dower* 36, a. (228, n.)

But what greatly strengthens our case, is the fact that the parties here *acknowledged* this instrument to be their *deed ;* after which it is not competent for them to deny the delivery, for that is denying the deed.

*Bayard.*—The effect of proof as to delivery is one thing; the existence of legal evidence from which such proof can be inferred is another. In my view, the court must say whether enough has been proved in relation to this deed to let it go before the jury as legal evidence. Mr. Booth seems to take it for granted that placing this instrument in M'Caulley's hands must have been a delivery of it, either as a deed or an escrow. But this is not so. It was no delivery at all, nor so intended to be. It was executed and acknowledged merely for present convenience, and left with the draftsman, not

as the agent of either party for the purpose of delivery, but to be *kept.* It is clear that Buckingham did not rely on this as his title, for he required the execution of an alienation bond for a future conveyance. He died before the 25th March.

The delivery must be *proved.* An acknowledgement either to a third person or before the magistrates, will not dispense with proof of delivery; for though a deed be acknowledged, the subscribing witness must be called to prove it. If he deny the execution, then other evidence is admissible, and the jury may infer its execution from other proof, which was the case cited from *Barn. & Ald.*

*By the Court.*

HARRINGTON, *Justice.*—The question now presented to the court is, whether the deed of John B. Porter and wife to Buckingham is sufficiently proved as to its execution, to entitle it to be read to the jury as evidence of the defendants' title to the land. What is the proof of the execution of this paper? That it was signed and sealed by the grantors, and acknowledged before justices M'Dowell and M'Caulley, to be their act and deed respectively; but in regard to the actual delivery the evidence is that it was not intended to be delivered to the grantee, but was placed in the hands of a third person to keep, as he has expressed himself, " until both parties appeared and told him they were satisfied, and directed the deed to be delivered to the person who was entitled to it." Upon this evidence it appears plain to us, that the parties neither of them considered that there had been, on that day, a delivery of this deed; as well because it was placed in Mr. M'Caulley's hands to be *kept,* and not to be delivered until both parties should give directions, as also because the parties on the same day entered into a written agreement for the conveyance of these same lands on a future day.

On the principles laid down in the text books of the common law, we do not think this to be a difficult or doubtful question. To make a deed evidence its *execution* must be proved; and its execution is not proved, according to the authorities, until the *delivery* is proved. (*Saund. Pl. & Ev.* 422, 423.) It is true that no particular form of delivery is necessary; for any thing that signifies an intention by the grantor that the grantee shall have it, makes a good delivery. Thus, the grantor saying to the grantee, " Take it," without actually handing it; or handing it, without saying any thing, would be a good delivery. So also the delivery may be to a third person, so as to make it a delivery to the grantee, either absolutely or as an escrow; but in this case care must be taken, as it is said in *Shepherd's Touchstone,* to ascertain the object or purpose with which the delivery is made to the third person. If it be so delivered to take effect as *the*

*deed of the* grantor, either presently or on the happening of some certain event, or perhaps on any particular contingency, it is a sufficient delivery. But it is perfectly clear to our minds, that this deed was not placed in M'Caulley's hands with any authority to deliver it to Buckingham, either presently or on the happening of any contingency, or certain event; he was to keep it as he said, " until both parties appeared and told him they were satisfied, and directed the deed to be delivered to the person who was entitled to it." There was, therefore, no delivery to M'Caully which could under any circumstances, without further directions by the grantor, ever become a delivery to Buckingham.

On the proof of the delivery, then, we entertain little or no doubt; but the effect of an *acknowledgment* by the parties before the judge or justices, as dispensing with proof either of execution or delivery; or how far such acknowledgment should be left to the jury to infer a full execution and delivery, are questions which have created in our minds more serious doubts. In terms the acknowledgment necessarily admits the execution; for, without it, it cannot be the deed of the party. Nor can we see how an acknowledgment could be made before a judge, of a deed as an *escrow*, which implies that something is yet to be done to make it the deed of the party; whereas the very form of acknowledgment of a deed before a judge implies a perfect and complete deed—complete as to all the incidents of execution and delivery. Certain it is, that if this deed were recorded, the certificate of acknowledgement before the judge or justices, would entitle it to be read in evidence without proof of its execution. And it is possible, that in such case, such acknowledgment might dispense with the proof of execution, or perhaps estop the party acknowledging from denying it to be his deed. Or if the deed were even in the possession of the grantor, so that he might record it, this might perhaps be considered evidence, from which the jury might imply a delivery; but here the deed is proved *not* to have been delivered; is not in the grantee's possession; has not been, and cannot be, recorded by him. The act of assembly seems to be plain on this subject. *Digest*, 91. " A deed or letter of attorney concerning lands being acknowledged or proved, and the acknowledgment or proof certified according to this act, shall be recorded in the office for recording of deeds in the county where such lands are situate, if lodged in such office within one year, &c.; and the said record, or an office copy thereof, shall be sufficient evidence.

" The private examination of a married woman, duly taken and certified according to this act, shall remain valid, although the deed upon which it is taken and certified is not recorded; but *any other*

acknowledgment or proof according to this act duly certified, of a deed or letter of attorney, shall not make such deed or letter of attorney evidence without its being duly recorded."

The certificate of acknowledgment makes the deed evidence, if duly recorded, but if not so recorded, it has no such operation, and the execution of the deed must be proved. This deed is not recorded ; it is not in the power of the defendants to have it recorded, even if it were lawful to do so after this lapse of time, as perhaps it may be under the several acts extending the time for recording deeds ; but this deed is not in defendant's possession, nor can he get possession of it. It has never been delivered to him. The certificate of acknowledgment cannot, therefore, give it the effect of a recorded deed, or make it evidence without the proof of execution. That proof has failed. It is not even doubtful on the proof, or perhaps we might leave it to the jury ; but the proof is positive that the deed was never executed for want of delivery.

Deed ruled out.

*J. A. Bayard,* for plaintiff.
*Booth,* for defendants.